IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JOHN THOMAS SCOTT**                                                                              **PLAINTIFF**

**v.**                                                              **No. 4:24CV72-JMV**

**MDOC, ET AL.**                                                             **DEFENDANTS**

**MEMORANDUM OPINION**

The court, *sua sponte*, reviews this *pro* se prisoner complaint filed under 42 U.S.C. § 1983 for consideration of dismissal. Under the relevant parts of 28 U.S.C. § 1915A, the court must "review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "dismiss the complaint, or any portion of the complaint, if [it] … is frivolous, malicious, or fails to state a claim upon which relief could be granted." 28 U.S.C. § 1915A. In addition, under 28 U.S.C. § 1915(e)(2)(B), "at any time," the court must dismiss the case if "the action … is frivolous or malicious … [or] fails to state a claim on which relief may be granted."

In this case, the plaintiff complains that gang members at the Mississippi State Penitentiary are using a 5G weapon against him, which: (1) electrocutes him; (2) vibrates him; (3) controls his bodily functions; (4) puts images in his head; (5) makes him have dreams; and (6) broadcasts his thoughts. Doc. 1-1. He alleges that he was being "electr[o]cuted in class and thoughts broadcast." *Id*. He also alleges that, because of these events, he was improperly removed from a prison education program and that a gang member threatened his grandson. *Id*. The instructors would not intervene. *Id*.

After carefully considering the contents of the *pro* se complaint and giving it the liberal construction required by *Haines v.* Kerner, 404 U.S. 519 (1972), the court has concluded that the complaint is frivolous. A complaint lacks an arguable basis in law if it is "based on an indisputably

meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327, 198 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

### No Right to Prison Educational Program

The Constitution does not confer inmates the right to a particular job assignment, education program, or training. *Barnes v. Cain*, 544 F. App'x 483 (5th Cir. 2013) (not reported) (*citing Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 50 (5th Cir.1995)), see also *Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (prisoner eligibility for rehabilitation programs are not subject to due process protections). The assignment of an inmate to a particular educational class is a matter of prison administration which falls within the sound discretion of the prison officials. *Gardner v. Johnson*, 429 F.Supp. 432 (E.D. Mich. 1977), s*ee also Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). As such, the plaintiff's claim regarding his removal from the prison education program must be dismissed for failure to state a claim upon which relief could be granted.

### Prisoner Plaintiffs Must Assert Their Own Rights

A plaintiff in federal court must assert his own rights, not those of others:

> [O]rdinarily a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."

*Rogers v. Brockette*, 588 F.2d 1057, 1060 (5th Cir. 1979) (quoting *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). As such, the plaintiff's claim regarding the alleged threats against his grandson must be dismissed for failure to state a claim upon which relief could be granted.

### Plaintiff's Claims Arise Out of Delusions

Finally, the plaintiff's claims ultimately arise out of delusion. The law empowers judges to

"pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples . . . are claims describing fantastic or delusional scenarios . . . ." *Neitzke*, 490 U.S. at 327, 328. The plaintiff's contentions regarding 5G weapons and placement of a "chip" in him are clearly examples of "fantastic or delusional scenarios" and form the basis for all of his claims. *Id*. As such, the instant case will be dismissed as frivolous. In light of this ruling, the plaintiff's motions [7], [11], [12] for a trial date and to issue summons will be dismissed as moot. A final judgment consistent with this opinion will be entered today.

**SO ORDERED**, this, the 5th day of December, 2024.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE